UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| Un'TARION CLARK | CIVIL ACTION NO. 5:15-cv-2631 |
|     LA. DOC #500816 | |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT & RECOMMENDATION

*Pro se* plaintiff Un'Tarion Clark, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on November 3, 2015. When he filed his complaint, plaintiff was a detainee in the custody of the Caddo Parish Sheriff, awaiting trial in the First Judicial District Court on various charges. He claimed that he was the victim of excessive force on the part of the officers who arrested him on January 30, 2015. He originally brought suit against the City of Shreveport, the Shreveport Drug Task Force, Chief of Police Willie Shaw and Officer Boughpon[1]. [Rec. Doc. 1, pp. 2-3] In his November 3, 2015 Amended Complaint, he added the Shreveport Drug Task Force and other unidentified officers. [Rec. Doc. 6, pp. 3] On January 11, 2016, plaintiff was directed to amend his complaint was instructed to address, among other issues, the sustainability of his claims against certain named defendants; specifically, that the doctrine of *respondeat superior* does not extend to either the City of Shreveport or Chief Shaw and that the Shreveport Drug Task Force is not a juridical person capable of being sued. [Rec. Doc. 7, pp. 4-5]

Accordingly, on April 26, 2016, he amended his complaint and clarified that the following are "parties to current lawsuit:" Agent B. Boughton #1103, Agent D. Belanger #1163, Agent

---

[1] Upon amending the names of current parties to the suit, Plaintiff names Agent B. Boughton, substituting his proper name for that of "Officer Boughpon," erroneously named in the Original Complaint. Accordingly, "Officer Boughpon" should be <u>terminated</u> from this suit and claims as to Agent Boughton will proceed.

Coleman #116, Agent C. Neville #1081 and Agent M. Gerbine #1167. [Rec. Doc. 10, p. 1] The Court construes this as a Motion to Dismiss the City of Shreveport, Chief Willie Shaw and the Shreveport Drug Task Force and proceed against the "parties to current lawsuit" named in plaintiff's April 26, 2016 Amended Complaint.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's Motion to Dismiss City of Shreveport, Chief of Police Willie Shaw and the Shreveport Drug Task Force be **GRANTED** and claims against these named defendants ONLY should be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 26, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**