UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UN'TARION CLARK | * | CIVIL ACTION NO. 15-2631 SECTION P |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| CITY OF SHREVEPORT, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment, FED. R. CIV. P. 56, [doc. # 31], filed by Defendants, Officers D. Belanger, B. Boughton, S. Coleman, D. Henry, C. Gerbine, and C. Neville.  For reasons assigned below, it is recommended that the case be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for failure to prosecute pursuant to Local Rule 41.3 or, in the alternative, that the motion be **GRANTED.**

Background

On January 28, 2015, the Caddo-Shreveport Street Level Interdiction Unit was conducting a city-wide operation to target street level narcotics.  At approximately 6:10 p.m., agents observed Plaintiff and another individual walking in the roadway instead of on the sidewalk. As Agent Boughton, Agent Henry, and Agent Belanger approached Plaintiff, he began to pick up his pace and head south off the roadway. When the agents exited the vehicle, Plaintiff ran. Agent Boughton detained the other individual while Agent Henry and Agent Belanger pursued Plaintiff.  As Agent Boughton was searching the other individual for weapons, he

observed Plaintiff running from the other agents. Agent Boughton entered his vehicle and pursued Plaintiff into a nearby park. Agent Boughton then exited the vehicle and pursued Plaintiff on foot. Agent Boughton yelled for Plaintiff to stop, but Plaintiff continued running. Agent Boughton caught up to Plaintiff and took him to the ground. As Agent Boughton attempted to handcuff Plaintiff, Plaintiff began physically resisting by kicking and reaching for his waist. Plaintiff had not been searched and agents did not know if he had weapons on him. Agent Boughton delivered two palm heel strikes[1] to Plaintiff's face and gave verbal commands for him to stop and put his hands behind his back. Agents then placed Plaintiff in handcuffs.

No officer ever kicked or stomped Plaintiff. No agent struck Plaintiff or used any other force against Plaintiff after he was handcuffed. Agent Boughton used only the amount of force that was necessary to overcome Plaintiff's resistance and place him in handcuffs.

Plaintiff was arrested and charged with resisting an officer with force in violation of La. R. S. 14:108.2 ("Count 1"), possession of marijuana with intent to distribute in violation of La. R. S. 40:966A ("Count 2"), and possession of cocaine with intent to distribute in violation of La. R. S. 40:967A ("Count 3"). Plaintiff pled guilty to Counts 1 and 3; Count 2 was dismissed.[2]

On June 1, 2017, the court entered an Order granting Defendants' second request for an extension of time to file dispositive motions. [doc # 29]. On June 12, 2017, the United States

---

[1] Palm heel strikes are a distractionary technique taught to officers during their training at the Shreveport Police Academy. The purpose of a palm heel strike is to momentarily distract a suspect in order to gain compliance and safely secure the suspect in handcuffs.

[2] In his amended complaint [doc #10], Plaintiff alleges that Count 1 was dismissed for lack of evidence. However, Plaintiff did not sign that document under penalty of perjury and Plaintiff has submitted no other evidence to support this claim. Conversely, Defendants submitted with their motion for summary judgment a copy of the docket in the state court criminal proceeding showing that Plaintiff entered a guilty plea on Count 1 on October 19, 2015.

Postal Service returned to the Clerk the order, with a notation on the envelope stating "Return to Sender, Attempted - Not Known, Unable to Forward." [doc. # 30].

On July 13, 2017, Defendants filed a Motion for Summary Judgement. [doc. # 31]. The motion seeks dismissal of Plaintiff's complaint on the basis of *Heck v. Humphrey*, as well as on the merits of the claims. On July 14, 2017, the clerk mailed a Notice of Motion Setting to Plaintiff at his address of record. [doc. # 32] On July 24, 2017, the United States Postal Service returned to the clerk the notice, with a notation on the envelope stating "Return to Sender, Refused, Unable to Forward." [doc. # 33]. Also noted on the envelope was a box marked "Discharged 5/25/17." *id.* Plaintiff has not contacted the clerk since May 2017, and has not advised the court of his present whereabouts. Plaintiff has not responded to the motion and has not submitted evidence. Accordingly, the motion is deemed unopposed. The matter is now before the court.

**Discussion**

I. *Federal Rule of Civil Procedure 41(b)*

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 629-630.

Local Rule 41.3 provides that,

> [t]he failure of an attorney or a pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Here, more than 30 days have elapsed since a correspondence to plaintiff was returned as undeliverable, without any notification by plaintiff as to his current whereabouts.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a rule of this court by failing to update his current address. As plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[3] As Plaintiff is proceeding *pro se*,

---

[3] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be

Plaintiff, not his attorney, is responsible for this delay. Moreover, dismissal with prejudice may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.[4]

    II.    *Summary Judgment Standard*

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter,

---

an appropriate and effective sanction).

    [4] Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed. R. Civ. P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, the court must accept the evidence presented by Defendants in its statement of material facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). Thus, for purposes of this motion, those facts are deemed admitted.

Finally, when a movant bears the burden of proof on an issue, it must establish "beyond peradventure[5] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

    III.    <u>Plaintiff's § 1983 excessive force claim is barred under Heck</u>

Defendants argue that, under *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994), Plaintiff's conviction for resisting arrest with force or violence

---

[5] I.e., beyond doubt.

precludes a claim against the arresting officers for using excessive force in violation of his constitutional rights.[6] In *Heck*, the Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87.

"The threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). "[T]he determination of whether [§ 1983 excessive force claims] are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). A conviction for resisting arrest is not a *per se* bar on a § 1983 excessive force claim under *Heck* "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id*. at 498. For example, "a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a

---

[6] While Defendants did not include Plaintiff's conviction for resisting arrests with force or violence in their statement of material facts, they did attach to their motion a copy of the docket in the state court criminal proceeding showing Plaintiff's entry of a guilty plea on that charge. The court may, but is not obliged to, consider facts not included in the movant's statement of material facts. *See Fey v. Panacea Mgmt. Grp. LLC*, No. 1:16-CV-2851-WSD, 2017 WL 2180672, at *3 (N.D. Ga. May 18, 2017) (unpubl.) ("The opinions expressed in the supplemented report also were not included in a separate statement of material facts, as required by Local Rule 56.1, and thus are not required to be considered for summary judgment purposes.").

conviction for the earlier resistance." *Id.*

In light of the undisputed facts, Agent Boughton's use of force against Plaintiff was temporally and conceptually intertwined with Plaintiff's resisting arrest. It was a single struggle that ended only after Agent Boughton delivered two palm heel strikes to Plaintiff's face. If Plaintiff were successful in his § 1983 excessive force claim, it would necessarily imply the invalidity of his conviction for resisting arrest with force or violence. Plaintiff could not prove that Agent Boughton's use of non-lethal force was objectively unreasonable in light of Plaintiff using or threatening to use force or violence. Accordingly, the court concludes that Plaintiff's § 1983 excessive force claim is barred under *Heck* because of his conviction for that crime.

In his amended complaint [doc #10], Plaintiff alleges that he was not convicted of violating La. R. S. 14:108.2 for resisting a police officer with force or violence. If true, that fact would render *Heck* inapplicable. However, the only competent evidence before the court is the docket report from the state court criminal proceeding, which shows entry of Plaintiff's guilty plea to the charge on October 19, 2015. The court concludes that such evidence is convincing and, absent evidence to the contrary, sufficient to establish Plaintiff's conviction.

IV. *No reasonable fact finder could find that the force used to detain Plaintiff was objectively unreasonable.*

Plaintiff's § 1983 excessive force claim is analyzed under the Fourth Amendment,[7] which protects the "right of the people to be secure in their persons, houses, papers, and effects, against

---

[7] *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989) ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . .").

unreasonable searches and seizures." U.S. CONST. AMEND. IV.  Of course, the protections of the Fourth Amendment extend to the states pursuant to the Fourteenth Amendment. *Dunaway v. New York*, 442 U.S. 200, 207, 99 S. Ct. 2248, 2253-2254 (1979) (citation omitted).

In the peculiar context of a motion for summary judgment, "once [the court has] determined the relevant set of facts and drawn all inferences in favor of the nonmoving party to the extent supportable by the record, the reasonableness of [a police officer's] actions . . . is a pure question of law." *Scott*, 550 U.S. at 397, 127 S. Ct. at 1776 n.8 (2007).  Consequently, the Fifth Circuit has recognized that,

> when facts are undisputed and no rational factfinder could conclude that the officer acted unreasonably, we can hold that an officer acted reasonably as a matter of law.  But when facts are disputed and significant factual gaps remain that require the court to draw several plaintiff-favorable inferences, our analysis is more tentative.  In these cases, we must consider what a factfinder could reasonably conclude in filling these gaps and then assume the conclusion most favorable to the plaintiff.

*Lytle v. Bexar Cty., Tex.*, 560 F.3d 404, 411–12 (5th Cir. 2009) (internal citation omitted). In other words, there is no constitutional violation if – even after crediting the version of facts most favorable to plaintiff – the officer's conduct was objectively reasonable. *Id*.

By nature, excessive force claims are fact-intensive and dependent on the circumstances of each case. *Hanks v. Rogers*, 853 F.3d 738, 745 (5th Cir. 2017) (citations omitted).  Factors that the court should consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.  (citations and internal quotation marks omitted).  The court must analyze the claim from the perspective of a reasonable officer on the scene. *Id*. (citation omitted).  Thus, the "inquiry is whether the officer's actions were

objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." *Id*. (citations and internal quotation marks omitted).

As Plaintiff has neither responded to the motion for summary judgment nor otherwise submitted evidence on the record, such as a statement under penalty of perjury, the court can only consider the evidence submitted by Defendants. Applying those facts, the court concludes that no rational fact finder could find that Defendants, and Agent Boughton in particular, acted unreasonably. Agent Boughton delivered two palm heel strikes to Plaintiff's face in response to Plaintiff's "resisting by kicking and reaching for his waist." Plaintiff was actively resisting with force and posed an immediate threat to Agent Boughton and the other officers. Agent Boughton did not know whether Plaintiff was armed and had to act swiftly to gain control of the situation. The two palm heel strikes were successful in allowing Agent Boughton to place Plaintiff in handcuffs and avoid further escalation of the situation. In light of these facts, Agent Boughton's actions were objectively reasonable.

Plaintiff's allegations in his Amended Complaint [doc #6] are decidedly different. Plaintiff alleged that he voluntarily stopped running from the officers, then was stuck by a baton, tackled to the ground, and repeatedly kicked and punched until he lost consciousness. Plaintiff further alleged that he sustained a broken jaw, which necessitated 3 surgeries. According to Plaintiff's version of events, Plaintiff ceased resisting prior to Defendants' use of force. If Plaintiff had presented competent evidence to support his allegations, the court would likely conclude that there was a genuine dispute of material fact as to whether the SPD Defendant's use

of force was reasonable.[8]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE, for failure to prosecute in accordance with Local Rule 41.3.  Alternatively, it is recommended that the SPD Defendant's motion for summary judgement be GRANTED on the bases that Plaintiff's claims are barred under *Heck* and no reasonable fact finder could conclude that the SPD Defendant's acted unreasonably in detaining Plaintiff.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[8]Plaintiff's verison of events necessarily implies the invalidity of his conviction for resisting arrest with force or violence. Plaintiff's merely running from the officers would not support a conviction under La. R. S. 14:108.2 for resisting a police officer with force or violence, which requires that the offender used or threatened force or violence.  Accordingly, unless Plaintiff submitted evidence to support his allegation that he was not convicted on that count, Plaintiff's § 1983 excessive force claim would still be barred under *Heck*.

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 14th day of August, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE